United States Court of Appeals
Fifth Circuit

**F I L E D**

May 23, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20245
Summary Calendar

_____

ROBERT LEE MUDD, ET AL.,

                                        Plaintiffs,

ROBERT LEE MUDD,

                                        Plaintiff-Appellant,

versus

ED OWENS; PAMELA WILLIAMS; SALVADOR BUENTELLO, Chairperson of the
Bureau of Classification for Texas Department of Criminal
Justice, Correctional Institutions Division; BEVERLY STEWART;
RICK THALER, Regional Director of Texas Department of Criminal
Justice, Correctional Institutions Division; JACKIE EDWARDS, head
warden of the Ellis Unit of Texas Department of Criminal Justice,
Correctional Institutions Division; MARK JONES; BOBBY LUMPKIN;
BRIAN CONNER; WILLIAM NOWLIN; LINDA WUENSCHE; VELMA MONCADA; DOUG
DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION; GARY JOHNSON,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-2252
---------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Robert Lee Mudd, Texas prisoner # 424596, has appealed the

district court's order dismissing his civil rights complaint for

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failure to state a claim upon which relief may be granted. In his complaint, Mudd challenged the application to him of a Security Precaution Designator (SPD), pursuant to Texas Department of Criminal Justice, Correctional Institutional Division, Administrative Directive 4.11 (AD 4.11), because of a 1995 escape attempt and related staff assault.

Under AD 4.11, inmates with prior escape attempts not older than 10 years are tagged with a SPD and are automatically housed in medium custody. The appellees have advised the court that Mudd's SPD was removed on July 22, 2005; that Mudd's custody classification is minimum custody (G2); and that he is housed in a cellblock with minimum custody inmates. Mudd concedes that his SPD has been removed and that he is no longer housed in medium custody. Accordingly, this case no longer presents a live controversy supporting this court's jurisdiction. See Sierra Club v. Glickman, 156 F.3d 606, 619 (5th Cir. 1998).

The appeal is DISMISSED.